UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FARRELL,<br><br>  Plaintiff,<br><br>  vs.<br><br>STANDARD INSURANCE COMPANY,<br><br>  Defendant. | Case No. CV-14-05531-AB (AGRx)<br><br>**ORDER GRANTING STIPULATION RE: CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Upon consideration of the Confidentiality Agreement submitted by Plaintiff Charles Farrell and Defendant Standard Insurance Company, and good cause appearing therefrom,

IT IS HEREBY ORDERED that the Confidentiality Agreement is approved, and the Protective Order is entered as an Order of the Court.

**PURSUANT TO STIPULATION IT IS SO ORDERED.**

Dated: ~~November~~ December 5, 2014

_____
Hon. Alicia G. Rosenburg
United States Magistrate Judge

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140794.1

1

Case No. CV-14-05531-AB (AGRx)
ORDER GRANTING STIPULATION RE
CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Charles K. Chineduh (Bar No. 273258)
cchineduh@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
STANDARD INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FARRELL, | Case No. CV-14-05531-AB (AGRx) |
| Plaintiff, | STIPULATION RE: CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| vs. | |
| STANDARD INSURANCE COMPANY, | |
| Defendant. | |

Pursuant to the stipulation of Plaintiff Charles Farrell ("Plaintiff") and Defendant Standard Insurance Company ("Standard"), by and through their counsel of record, with good cause shown, IT IS HEREBY ORDERED as follows:

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby jointly move the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

1

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; and Local Rule 79-5.1 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve confidential and/or private information of third parties, trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140793.1

2

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

**3. DEFINITIONS**

3.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

3.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26 of the Federal Rules of Civil Procedure ("FRCP").

3.4 <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

3.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

3.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

3.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

3.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.10 <u>House Counsel</u>: attorneys who are employees of a Party.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

3

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

3.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

3.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**4. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected material.

**5. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a <u>court order otherwise directs</u>.

**6. DESIGNATING PROTECTED MATERIAL**

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

4

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1 take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140793.1

5

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1   A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of transcripts from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

6

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

CONFIDENTIAL — ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only." does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges:</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

7

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140793.1

8

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

9

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

Case 2:14-cv-05531-AB-AGR Document 21 Filed 11/17/14 Page 10 of 15 Page ID #:137

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

8.3 Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

10

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

      (f) the author of the document or the original source of the information.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140793.1

11

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  all copies of the Protected Material, (c) inform the person or persons to whom
2  unauthorized disclosures were made of all the terms of this Order; and (d) request
3  such person or persons to execute the "Acknowledgment and Agreement to Be
4  Bound" that is attached hereto as Exhibit A.

5  **11.  FILING PROTECTED MATERIAL**

6  Documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
7  — ATTORNEYS' EYES ONLY," and all information contained therein or derived
8  therefrom, may be discussed or referred to in pleadings, motions, affidavits, briefs
9  and other papers filed with the Court, or attached as exhibits thereto, provided that
10 such "confidential" documents and information, and any portion of any paper filed
11 with the Court that discusses or refers to them, are stamped "confidential" and
12 separately filed provisionally under seal with the Clerk of the Court. Applicable law,
13 including Civil Local Rule 79-5.1, govern the filing of documents under seal with the
14 District Court.

15 **12.  FINAL DISPOSITION**

16 Unless otherwise ordered or agreed in writing by the Producing Party, within
17 sixty days after the final termination of this action, each Receiving Party must return
18 all Protected Material to the Producing Party. As used in this subdivision, "all
19 Protected Material" includes all copies, abstract, compilations, summaries or any
20 other form of reproducing or capturing any of the Protected Material. With
21 permission in writing from the Designating Party, the Receiving Party may destroy
22 some or all of the Protected Material instead of returning it. Whether the Protected
23 Material is returned or destroyed, the Receiving Party must submit a written
24 certification to the Producing Party (and, if not the same person or entity, to the
25 Designating Party) by the sixty day deadline that identifies (by category, where
26 appropriate) all the Protected Material that was returned or destroyed and that affirms
27 that the Receiving Party has not retained any copies, abstracts, compilations,
28 summaries or other forms of reproducing or capturing any of the Protected Material.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140793.1

12

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1     Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION), above.

**13. MISCELLANEOUS**

    13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED.**

Dated: November 17, 2014     SHERNOFF BIDART ECHEVERRIA BENTLEY LLP
William M. Shernoff
Samuel L. Bruchey


By: /s/ *Samuel L. Bruchey*
Samuel L. Bruchey
Attorneys for Plaintiff
CHARLES FARRELL


Dated: November 17, 2014     MESERVE, MUMPER & HUGHES LLP
Linda M. Lawson
Charles K. Chineduh


By: /s/ *Charles K. Chineduh*
Charles K. Chineduh
Attorneys for Defendant
STANDARD INSURANCE

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140793.1

13     Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

# EXHIBIT "A"

I, _____, declare as follows:

1.   My address is _____.

2.   My present employer is _____.

3.   My present occupation or job description is _____.

I received a copy of the Confidentiality Agreement and Protective Order for the matter of *Charles Farrell v. Standard Insurance Company*, United States District Court, Central District of California, Case No. CV14-05531 AB (AGRx) ("Protective Order").

4.   I have carefully read this Protective Order and certify that I understand its provisions.

5.   I agree to comply with all the provisions of this Protective Order.

6.   Subject to the terms of the Protective Order, I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information contained in the Protected Material that is disclosed to me in this case.

7.   Subject to the terms of the Protective Order, I will use such information that is disclosed to me only for purposes of this case.

8.   Upon request, I will return and deliver all Protected Material that comes into my possession, and all documents or things that I have prepared relating thereto, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the Protected Material.

///
///
///
///
///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

14

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  9. I hereby submit to the jurisdiction of this Court for the purpose of
2  enforcing the Protective Order in this case.

4  I declare under penalty of perjury under the laws of the United States of
5  America that the foregoing is true and correct. Executed this _____ day of
6  _____, 2014, at _____ [City], _____ [State].

_____

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
140793.1

15

Case No. CV-14-05531-AB (AGRx)
STIPULATION RE: CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER